UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eric Steffen,                                                    Case No. 20-cv-1050 (WMW/JFD)

                          Plaintiff,

                                                                 **ORDER DENYING MOTION FOR**
          v.                                                     **RELIEF FROM JUDGMENT**

St. Paul Eye Clinic, P.A.,

                          Defendant.

---

Before the Court is Plaintiff Eric Steffen's motion for relief from judgment in this matter. The motion is denied.

Plaintiff filed this employment-discrimination action in state court in April 2020. The Complaint, which served as the operative pleading throughout this litigation, raised eight claims for relief against Defendant St. Paul Eye Clinic, P.A., with half the claims presented under federal law and half under state law. Defendant, citing 28 U.S.C. § 1331 as the basis for the Court's jurisdiction due to the presence of federal-law claims, timely removed the case from state court under 28 U.S.C. § 1441.

In June 2022, Defendant moved for summary judgment on each of Plaintiff's claims for relief. The Court largely granted that motion in January 2023. For Plaintiff to recover on the employment-discrimination claims that comprised seven of the eight claims for relief, Plaintiff would have been required to show (among other things) that he was an employee of Defendant. In its motion for summary judgment, Defendant argued that Plaintiff was not an employee. The Court concluded that, even construing the evidence in

the light most favorable to Plaintiff, a factfinder could not reasonably conclude that he was an employee of Defendant. Accordingly, summary judgment was granted on each of the employment-discrimination claims. The Court then declined to extend supplemental jurisdiction over the remaining claim for breach of contract under state law and dismissed this matter accordingly—the employment-discrimination claims with prejudice, and the breach-of-contract claim without prejudice.

Plaintiff now seeks relief from that judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Plaintiff contends that if judgment were reopened in this matter, he would seek to amend his complaint to add additional claims of discrimination under the Minnesota Human Rights Act ("MHRA"). Because these new theories of recovery would not require evidence that he was an "employee" for purposes of the MHRA, Plaintiff argues, the basis for the Court's entry of summary judgment could not be applied to those claims.

"Rule 60(b) vests wide discretion in the courts," but "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotation marks omitted). No such extraordinary circumstances are present here. Plaintiff could have sought to amend his Complaint at any time before the entry of judgment. As Plaintiff points out in his memorandum supporting the Rule 60(b) motion, he was aware during the underlying proceedings of the alternative theory of recovery that he now seeks to advance. Despite that awareness, Plaintiff waited until after judgment had been entered. In doing so, Plaintiff waited until after the deadline established by the pretrial order for seeking leave to amend the complaint had passed, after the briefing on Defendant's motion for summary judgment had been completed, after a hearing had been

2

conducted on Defendant's motion, and after the Court had entered its order on the summary-judgment motion, to broach the subject of adding new claims to his complaint. Plaintiff's tardiness is indeed extraordinary. But such tardiness is not the kind of extraordinary circumstance that justifies relief from judgment under Rule 60(b).

Even if the Court were to ignore this problem, there is yet another. Defendant invoked 28 U.S.C. § 1331 as the basis for the Court's jurisdiction over this lawsuit, and the Complaint does not establish any other ground upon which the Court could have exercised original jurisdiction over any of the claims for relief.[1] The claims that Plaintiff seeks to add (weeks after dismissal of this action) arise entirely under *state* law, not federal law. The Court has already declined to exercise supplemental jurisdiction over one such state-law claim. The Court would decline to exercise jurisdiction over the newly proposed state-law claims even if those claims had become operative via a timely request to amend the Complaint.

"[S]ummary judgment is not a dress rehearsal." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (internal quotation omitted). Plaintiff failed to make a timely request to amend the Complaint. Instead, Plaintiff waited until after judgment had been entered to introduce to Defendant and the Court a new theory of recovery.[2] Plaintiff waited too long. The motion is denied.

---

[1] Plaintiff alleges in the Complaint that he is a resident of New Hampshire and the Defendant is a Minnesota corporation.  But it is the citizenship—not the residence—of the parties that matters when determining whether the Court may exercise jurisdiction under 28 U.S.C. § 1332(a).

[2] Plaintiff contends that Defendant has implicitly consented to the proposed amendment because (1) the new claims were suggested in a footnote of his memorandum opposing the

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the motion for relief from judgment of plaintiff Eric Steffen (Dkt. 109) is **DENIED**.

Dated:  March 20, 2023                                                    s/Wilhelmina M. Wright
                                                                                        Wilhelmina M. Wright
                                                                                        United States District Judge

---

motion for summary judgment, and (2) Defendant "made no objection" to this argument. Mem. in Support at 15 [Dkt. 111]. But Defendant was under no obligation to object, or even to respond, to an argument not germane to any of the eight claims that Plaintiff put forward in his pleading.